IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DFZ, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A," <br><br> Defendants. | Case No. 1:25-cv-010002 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff DFZ Inc. ("Plaintiff") hereby brings the present action against all Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A (collectively, "Defendants"), attached hereto, as follows:

### I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants structure their business activities so as to target consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores operating under the aliases identified on Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers,

offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell products which infringe Plaintiff's patented design, as described below, (collectively, the "Unauthorized Products") to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the state of Illinois.

## II. INTRODUCTION

3. Plaintiff filed this case to prevent e-commerce store operators who infringe upon Plaintiff's patented design from further selling and/or offering for sale Unauthorized Products. Defendants create e-commerce stores under one or more Seller Aliases and then advertise, offer for sale, and/or sell Unauthorized Products to unknowing consumers. E-commerce stores operating under the Seller Aliases share identifiers, such as design elements and similarities of the Unauthorized Products offered for sale, establishing that a logical relationship exists between them, and that Defendants' infringing operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants take advantage of a set of circumstances, including the anonymity and mass reach afforded by the Internet and the cover afforded by international borders, to violate Plaintiff's intellectual property rights with impunity. Defendants attempt to avoid liability by operating under one or more Seller Aliases to conceal their identities, locations, and the full scope and interworking of their infringing operation. Plaintiff is forced to file this action to combat Defendants' infringing of its patented design, as well as to protect consumers from purchasing Unauthorized Products over the internet. Plaintiff has been, and continues to be, irreparably damaged through loss of market share and erosion of Plaintiff's patent rights because of Defendants' actions and therefore seeks injunctive and monetary relief.

## ALLEGATIONS SUPPORTING JOINDER

4. Joinder of Defendants identified in Schedule A is proper under 35 U.S.C. § 299(a) and Fed. R. Civ. P. 20(a) because Plaintiff's claims arise from the same series of transactions or occurrences, namely, the unauthorized manufacture, importation, offering for sale, and sale of substantially identical ███████████████████████████████████████████. Each Defendant is alleged to have marketed, sold, or distributed the same or materially indistinguishable infringing product, often using coordinated or near-identical online storefronts, product listings, descriptions, and advertising language.

5. The products at issue share the same or equivalent physical design structure that infringes ██████████. Each accused ████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ██████████. Because all Defendants' products incorporate these common elements and give rise to overlapping legal and factual issues concerning patent infringement and validity, joinder is appropriate under Rule 20(a). Plaintiff has independently purchased an accused product and verified that the infringing features are functionally and structurally indistinguishable across sellers.[1]

6. Similarly here, Defendants' alleged infringing conduct raises common questions of fact and law, including:

- whether the ██████████ products infringe the same asserted claims of the patent;
- whether the accused products were sold with knowledge of Plaintiff's patent;
- whether Defendants are profiting from infringing or deceptively similar versions of the patented product; and
- the appropriate measure of damages arising from the infringing sales.

---

[1] Additional ASINs listed in Schedule A correspond to the same or substantially identical products, differing only in sizes to accommodate the size of the animals.

7. Requiring separate lawsuits for each Defendant would lead to duplicative proceedings involving the same factual and legal issues. This would unnecessarily burden both the Court and the parties and create a significant risk of inconsistent judgments. Joinder in this context promotes judicial efficiency, ensures consistent adjudication, and is particularly appropriate in patent enforcement actions, where defendants frequently operate anonymously or in coordination across digital marketplaces.

8. Accordingly, joinder of the Defendants in this action is proper under 35 U.S.C. § 299(a), fully supported by the weight of legal authority in this jurisdiction, and warranted based on the substantial identity of products, coordinated conduct, and overlapping questions of law and fact that unify all claims in this case.

### III.  THE PARTIES

9. Plaintiff, DFZ, Inc. is a Massachusetts's corporation with its principal place of business at 41 Christina Dr., Braintree, Massachusetts, 02184 and is the owner of the patent asserted in this action.

10.  ████████████████████████████████████████████████████████████████████████████████████████████████████.

11. ████████████████████████████████████████████████.

12. ████████████ was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35. U.S.C. § 282.

13. ████████████ discloses and claims new ornamental design for a treadmill for animals.

14. Plaintiff sells its products, including products that embody ▇▇▇▇▇ (collectively, "Plaintiff's Products"), exclusively direct-to-consumer through an online marketplace, namely Amazon. Some of Plaintiff's Products can be seen in the table below:



15. Since ▇▇▇▇▇▇▇ issued, Plaintiff has provided constructive notice of its patent rights by marking the product packaging, including those sold through various online marketplaces, with the patent number.

16. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their infringing network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

**IV. DEFENDANTS' UNLAWFUL CONDUCT**

17. The success of the Plaintiff's Products has resulted in significant infringement of ▌. Because of this, Plaintiff has implemented an anti-infringement program that involves investigating suspicious websites and online marketplace listings identified in proactive Internet sweeps. Recently, Plaintiff has identified many fully interactive e-commerce stores offering Unauthorized Products on online marketplace platforms, namely Amazon.com, Inc. ("Amazon"). True and correct copies of the screenshot printouts showing the active e-commerce stores operating under the Seller Aliases reviewed are attached as Exhibit 2.

18. The concerns regarding anonymity, offshore online infringement, multi-storefront infringers, and slow and ineffective marketplace procedures for intellectual property rights holders, impact Plaintiff's enforcement efforts when trying to assert its own patent rights.

19. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell and/or offer for sale Unauthorized Products to residents of Illinois.

20. Defendants concurrently employ and benefit from similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars in multiple ways, including via credit cards, Alipay, Amazon Pay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish their stores from an authorized retailer. Plaintiff has not licensed or

authorized Defendants use of ▮▮▮▮▮▮▮▮, and none of the Defendants are authorized retailers of Plaintiff's Products.

21. E- commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their infringing operation, and to avoid being shut down.

22. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other common features, such as registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Unauthorized Products for sale by the Seller Aliases bear similar irregularities and indicia of being infringing to one another, suggesting that the Unauthorized Products were manufactured by and come from a common source and that Defendants are interrelated.

23. E- commerce store operators like Defendants communicate with each other through QQ.com chat rooms and utilize websites, like sellerdefense.cn, that provide tactics for operating multiple online marketplace accounts and evading detection by intellectual property owners. Websites like sellerdefense.cn also tip off e-commerce store operators like Defendants of new intellectual property infringement lawsuits filed by intellectual property owners, such as

Plaintiff, and recommend that e-commerce operators cease their infringing activity, liquidate their associated financial accounts, and change the payment processors that they currently use to accept payments in their online stores.

24. Infringers such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation despite Plaintiff's enforcement. E-commerce store operators like Defendants maintain offshore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to plaintiffs.

25. On information and belief, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff have, jointly and severally, knowingly and willfully infringed ▓▓▓▓▓▓▓▓ in connection with the use and/or manufacturing of Unauthorized Products and distribution, offering for sale, and sale of Unauthorized Products into the United States and Illinois over the Internet.

26. Defendants' unauthorized use and/or manufacturing of the ornamental designs claimed in ▓▓▓▓▓▓▓▓ in connection with the distribution, offering for sale, and sale of Unauthorized Products, including the sale of Unauthorized Products into the United States, including Illinois, is likely to cause, and has caused, loss of market share and erosion of Plaintiff's patent rights is irreparably harming Plaintiff.

## COUNT I
## PATENT INFRINGEMENT OF ▓▓▓▓▓▓▓▓ (15 U.S.C. § 271)

27. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

28. On information and belief, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly ███████.

29. As shown in the claim chart attached as Exhibit 3, the products being sold by Defendants incorporate each of the design elements claimed in ███████. Accordingly, the product being sold by Defendants infringe upon ███████.

30. Specifically, Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Unauthorized Products that infringe directly and/or indirectly the ornamental design claimed in the Patent.

31. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendants' infringement of ███████ in connection with the offering to sell, selling, or importing of products that infringe ███████, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented design as well as the lost sales and loss of repeat sales stemming from the infringing acts.

32. Defendants' infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

33. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendants are preliminarily and permanently enjoined by this Court from continuing their infringement of ▮▮▮▮▮▮▮▮, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

34. Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use any products that infringe upon ▮▮▮▮▮▮▮▮▮▮▮▮▮▮; and

   b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon ▮▮▮▮▮▮▮▮▮▮▮▮.

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Amazon and Walmart, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe ▮▮▮▮▮▮▮▮▮▮▮▮.

3) That Judgment be entered against Defendants finding that they have infringed upon ▮▮▮▮▮▮▮▮▮▮▮▮.

4) That Judgment be entered against Defendants finding that infringement of ▮▮▮ ▮▮▮ has been willful.

5) That Plaintiff be awarded damages for such infringement in an amount to be proven at trial, including Defendants' profits pursuant to 35 U.S.C. § 289 and any other damages as appropriate under 35 U.S.C. § 284, together with interests and costs.

6) That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendants' willful infringement of upon ▮▮▮▮▮▮.

7) A finding that this case is exceptional under 35 U.S.C. § 285.

8) That Plaintiff be awarded its reasonable attorneys' fees and costs.

9) Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 21, 2025

Respectfully submitted,

/s/ Sameeul Haque
Sameeul Haque
samee@h3lp.law
Haque III Legal Practice, LLC
205 N. Michigan Ave, Ste. 810
Chicago, IL 60601
847.401.6113

*Counsel for Plaintiff, DFZ, INC.*

11

**VERIFICATION**

I, Fuzhong Deng, hereby certify as follows:

1. I am the president of DFZ, Inc. As such, I am authorized to make this Verification on DFZ, Inc.'s behalf.

2. I have read the foregoing Verified Complaint and, based on my personal knowledge and my knowledge of information reported to me by subordinates and colleagues who report to me, the factual allegations contained in the Verified Complaint are true.

3. I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.

Executed in _____Braintree, MA_____ on August 05, 2025

_____Fuzhong Deng_____
Fuzhong Deng